UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COOK INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  1:09-CV-1248 WTL-TAB |
| | ) | |
| ENDOLOGIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM

Defendant and Counterclaimant ENDOLOGIX, INC. ("Endologix") hereby responds to and answers the Complaint of Plaintiff and Counterdefendant COOK INCORPORATED ("Cook"):

## JURISDICTION AND VENUE

1.      Paragraph 1 contains a legal conclusion to which no answer is required.  To the extent an answer is required, Endologix denies that Cook has any cause of action against Endologix and that Cook is entitled to any relief pursuant to its Complaint.

2.      Endologix denies that this Court has subject matter jurisdiction over this action due to a prior settlement agreement and release between the parties dated on or about December 2, 2008.  Endologix admits that this Court would have original subject matter jurisdiction over these claims pursuant to 28 U.S.C §1331 and 1338(a) absent this prior settlement agreement and release.

3.      Endologix does not contest the venue allegation of paragraph 3 of the Complaint.

**PARTIES**

4.       Endologix is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and accordingly denies the allegations of paragraph 4 of the Complaint.

5.       Endologix admits the allegations of paragraph 5 of the Complaint.

6.       Endologix admits that it manufactures and/or sells in the United States a delivery system known as IntuiTrak®.  Endologix denies the remaining allegations of paragraph 6 of the Complaint.

7.       Endologix admits that it manufactures and/or sells in the United States a graft for repairing abdominal aortic aneurysms known as the POWERLINK® graft.  Endologix denies the remaining allegations of paragraph 7 of the Complaint.

**THE PATENTS IN SUIT**

8.       Endologix admits that United States Patent No. 5,755,777 (the "'777 Patent") issued on May 26, 1998 entitled "Expandable Transluminal Graft Prosthesis for Repair of Aneurysm".  Endologix is without sufficient knowledge to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and accordingly denies the remaining allegations of paragraph 8 of the Complaint.

9.       Endologix admits that United States Patent No. 5,035,706 (the "'706 Patent") issued on July 30, 1991 entitled "Percutaneous Stent and Method for Retrieval Thereof".  Endologix is without sufficient knowledge to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint and accordingly denies the remaining allegations of paragraph 9 of the Complaint.

## COUNT I- INFRINGEMENT OF U.S. PATENT NO. 5,755,777

10.     Endologix incorporates by reference its answers to paragraphs 1 through 9 of the Complaint.

11.     Endologix denies the allegations of paragraph 10 of the Complaint.

12.     Endologix denies the allegations of paragraph 11 of the Complaint.

13.     Endologix denies the allegations of paragraph 12 of the Complaint.

## COUNT II- INFRINGEMENT OF U.S. PATENT NO. 5,035,706

14.     Endologix incorporates by reference its answers to paragraphs 1 through 13 of the Complaint.

15.     Endologix denies the allegations of paragraph 13 of the Complaint.

16.     Endologix denies the allegations of paragraph 14 of the Complaint.

17.     Endologix denies the allegations of paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

18.     Endologix, without admissions as to burden of proof, alleges the following affirmative defenses to the Complaint of Cook:

## FIRST AFFIRMATIVE DEFENSE

19.     Endologix has not infringed and is not now infringing any claim of United States Patent No. 5,755,777 (the "'777 Patent").

## SECOND AFFIRMATIVE DEFENSE

20.     Endologix has not infringed and is not now infringing any claim of United States Patent No. 5,035,706 (the "'706 Patent").

## THIRD AFFIRMATIVE DEFENSE

21.     The '777 Patent is invalid for failure to meet one or more of the requirements of patentability under United States Code Title 35, including, without limitation, one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

22.     The '706 Patent is invalid for failure to meet one or more of the requirements of patentability under United States Code Title 35, including, without limitation, one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

23.     Each and every one of Cook's claims for relief fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

24.     Cook by its conduct is equitably, contractually, and legally estopped from raising each and every or any cause of action and claim stated in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

25.     Cook by its conduct waives its right to raise each and every or any cause of action and claim stated in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

26.     Each and every one of Cook's claims is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

27.     Each and every one of Cook's claims is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

28.    Each and every or any cause of action and claim stated in the Complaint is barred by claim preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

29.    Each and every one of Cook's claims is barred because the Court lacks subject-matter jurisdiction.

## TWELFTH AFFIRMATIVE DEFENSE

30.    Each and every one of Cook's claims has been released and/or each and every act of Endologix that is complained of and the subject of Cook's claims has been licensed by agreement between the parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

31.    Each and every one of Cook's claims is barred by the doctrine of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

32.    Recovery under each and every one of Cook's claims is barred by the statute of limitations.

**WHEREFORE**, Endologix prays for the following relief:

1.    That Cook take nothing by way of its Complaint, that judgment be entered in favor of Endologix, and the Complaint be dismissed with prejudice;

2.    That this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Cook be required to pay Endologix's costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

3.    Such other relief as the Court deems just and proper.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff/Counterdefendant Cook Defendant/Counterclaimant Endologix alleges as follows:

### JURISDICTION AND VENUE

1.      To the extent the prior settlement agreement and release between the parties does not deprive this Court of subject-matter jurisdiction, this Court has federal subject matter jurisdiction over the Counterclaims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338. This court also has supplemental jurisdiction over state claims pursuant to 28 U.S.C. 1367(a).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

### THE PARTIES

3.      Defendant/Counterclaimant Endologix is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 11 Studebaker, Irvine, California 92618.

4.      By its Complaint in this lawsuit, Cook has alleged that it is a corporation organized under the laws of Indiana with a principle place of business of 750 Daniels Way, Bloomington, Indiana 47402.

### FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT OF PATENT INVALIDITY ('777 Patent)

5.      Endologix incorporates by reference and re-alleges paragraphs 1 through 4 of these Counterclaims as if set forth herein in full.

6.      This Counterclaim arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

7.      An actual controversy exists between Cook and Endologix by virtue of the allegations of the Complaint and the Answer thereto as to whether any claim of the '777 Patent is valid and infringed by Endologix

8.      The claims of the '777 Patent are invalid for failing to meet all applicable statutory requirements of part II of Title 35 of the United States Code as a condition of patentability, including at least §§ 102, 103 and 112.

9.      To resolve the controversy between the parties the Court should declare the '777 Patent invalid.

**SECOND CLAIM FOR RELIEF:**

**DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT ('777 Patent)**

10.     Endologix incorporates by reference and re-alleges paragraphs 1 through 9 of these Counterclaims as if set forth herein in full.

11.     This Counterclaim arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

12.     Cook has filed suit alleging infringement by Endologix of the '777 Patent. Endologix denies infringement.  An actual justiciable controversy therefore exists between the parties as to the alleged infringement of the '777 Patent.

13.     Endologix has not in the past infringed, nor is it presently infringing, any valid claim of the '777 Patent.

14.     To resolve the controversy between the parties the Court should declare that Endologix has not infringed any valid claim of the '777 Patent.

## THIRD CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF PATENT INVALIDITY ('706 Patent)

15.     Endologix incorporates by reference and re-alleges paragraphs 1 through 14 of these Counterclaims as if set forth herein in full.

16.     This Counterclaim arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

17.     An actual controversy exists between Cook and Endologix by virtue of the allegations of the Complaint and the Answer thereto as to whether any claim of the '706 Patent is valid and infringed by Endologix

18.     The claims of the '706 Patent are invalid for failing to meet all applicable statutory requirements of part II of Title 35 of the United States Code as a condition of patentability, including at least §§ 102, 103 and 112.

19.     To resolve the controversy between the parties the Court should declare the '706 Patent invalid.

## FOURTH CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT ('706 Patent)

20.     Endologix incorporates by reference and re-alleges paragraphs 1 through 19 of these Counterclaims as if set forth herein in full.

21.     This Counterclaim arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

22.     Cook has filed suit alleging infringement by Endologix of the '706 Patent. Endologix denies infringement.  An actual justiciable controversy therefore exists between the parties as to the alleged infringement of the '706 Patent.

23. Endologix has not in the past infringed, nor is it presently infringing, any valid claim of the '706 Patent.

24. To resolve the controversy between the parties the Court should declare that Endologix has not infringed any valid claim of the '706 Patent.

## DEMAND FOR JUDGMENT

WHEREFORE, Endologix prays as follows:

A. That judgment be entered declaring that one or more claims of the '777 Patent is invalid.

B. That judgment be entered declaring that the '777 Patent is not infringed by Endologix.

C. That judgment be entered declaring that one or more claims of the '706 Patent is invalid.

D. That judgment be entered declaring that the '706 Patent is not infringed by Endologix.

E. That Endologix be awarded its costs of suit.

F. That this is an exceptional case within the meaning of 35 U.S.C. § 285 entitling Endologix to reasonable attorneys' fees.

G. That Endologix be awarded its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

H. For such other and further relief as the Court deems just, equitable and proper according to the circumstances of the case.

## DEMAND FOR JURY TRIAL

Endologix hereby requests a trial by jury on all issues herein so triable.


Dated:  November 13, 2009                    Respectfully submitted,

                                             /s/ Daniel K. Burke
                                             Andrew W. Hull (Atty. #11218-49)
                                             Daniel K. Burke (Atty. #24572-49)
                                             HOOVER HULL LLP
                                             111 Monument Circle, Suite 4400
                                             P.O. Box 44989
                                             Indianapolis, IN  46224-0989
                                             Telephone:  (317) 822-4400
                                             Facsimile:  (317) 822-0234
                                             Email:      awhull@hooverhull.com
                                                         dburke@hooverhull.com

                                             Pending *Pro Hac Vice* Admissions:
                                             John B. Sganga, Jr.
                                             J. David Evered
                                             Joshua J. Stowell
                                             KNOBBE, MARTENS, OLSON & BEAR, LLP
                                             2040 Main Street, Fourteenth Floor
                                             Irvine, CA  92614
                                             Telephone: (949) 760-0404
                                             Facsimile:  (949) 760-9502
                                             Email:      john_sganga@kmob.com
                                                         jdavid_evered@kmob.com
                                                         joshua_stowell@kmob.com

                                             Attorneys for Defendant, Endologix, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Court's Electronic Notification system, this 13th day of November, 2009.

/s/ Daniel K. Burke

528087