UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COOK INCORPORATED, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-cv-1248-WTL-TAB |
| | ) | |
| ENDOLOGIX, INC., | ) | |
|     Defendant. | ) | |
| | ) | |
| _____ | ) | _____ |
| ENDOLOGIX, INC., | ) | |
|     Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COOK INCORPORATED, | ) | |
|     Counterdefendant. | ) | |
| | ) | |

**ORDER GRANTING
DEFENDANT'S MOTION TO STAY PROCEEDINGS
PENDING REEXAMINATION OF PATENTS-IN-SUIT**

**I.     Introduction**

The question before the Court is whether this patent infringement action should be stayed while the Patent and Trademark Office ("PTO") reexamines the patents at issue in this litigation.[1] Defendant Endologix, Inc. has filed a motion requesting a stay [Docket No. 26], which Plaintiff Cook Incorporated opposes [Docket No. 29]. At the parties' request, the Court held an oral argument on January 12, 2010, on Endologix's motion to stay proceedings. For the reasons set forth below, the Court grants Endologix's motion to stay.

---

[1] The patents at issue are U.S. Patent No. 5,755,777 (the "'777 Patent") and U.S. Patent No. 5,035,706 (the "'706 Patent").

**II.     Discussion**

Courts have inherent power to control their own dockets and stay proceedings. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). While this Court is generally reluctant to stay litigation, it recognizes that stays are often favored in infringement suits involving co-pending reexamination of the patents-in-suit by the PTO. *See, e.g., Sorensen v. Digital Networks N. Am. Inc.*, No. C 07-05568 JSW, 2008 WL 152179, at *1 (N.D. Cal. Jan. 16, 2008) (citing *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *Card Tech. Corp. v. DataCard Corp.*, Civil No. 05-2546 (MJD/SRN), 2007 WL 551615, at *3 (D. Minn. Feb. 21, 2007).

In granting the present motion, the Court finds it significant that the PTO has already acted upon and granted both of Endologix's requests for reexamination. [Docket Nos. 32-2 & 35-1.] Not only does the PTO's expeditious grant of the reexamination requests undercut some of Cook's arguments that the stay motion is premature, but it also signifies that the PTO is conducting the reexaminations with "special dispatch" (35 U.S.C. § 305). Further, the Court finds it significant that 75% of reexaminations result in cancellation of the patent claims or a change in claim scope. [Docket No. 27-2.] While the ultimate outcome of the reexaminations remains unknown, the PTO statistics indicate that it is likely that Cook's patent claims which are the subject of this litigation are likely to be changed as a result of the reexaminations. Even if the claims are not changed, the reexamination proceedings potentially could support arguments that Cook may raise in the litigation.

Additionally, both parties agreed that in ruling upon the stay, the Court should consider three factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Centillion Data Sys., LLC, v.*

*Convergys Corp.*, No. 1:04-CV-0073-LJM-WTL, 2005 WL 2045786, at *1 (S.D. Ind. Aug. 24, 2005) (citing *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999)). These factors support granting a stay of the present proceedings.

Cook did not make an adequate showing that a stay would result in any undue prejudice. Cook claimed that a stay of the litigation would prevent it from obtaining injunctive relief. [Docket No. 29 at 8.] However, Cook's '706 patent has already expired, foreclosing Cook from seeking injunctive relief on that patent, and capping any potential patent infringement damages. Further, the '777 patent expires in approximately 21 months. While Cook argued that the parties could be ready for a trial in one year, adhering to such an expedited schedule will be unlikely based on the Court's experience in patent cases, which typically take significantly longer to proceed to trial.

Thus, even if this Court were to deny the present motion, and Cook were to prevail on the merits of its infringement case, and if it were to demonstrate entitlement to injunctive relief under the Supreme Court's standard in *eBay v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), it is likely that by then the '777 patent will either be expired or so close to expiring that any lost opportunity for Cook to obtain injunctive relief would not be prejudicial.

Endologix also successfully rebutted Cook's arguments concerning Endologix's financial health. Endologix's losses in prior years do not indicate that the company is financially unstable. Endologix presented evidence that it has substantially increased revenues and decreased liabilities over the last several years and that its profitability trends in a positive direction. [Docket No. 32 at 6.] Endologix also presented evidence that it has cash reserves of over $21 million and an unused line of credit of $10 million. [Docket No. 32 at 5-6.] Endologix's counsel confirmed at the hearing that there have been no recent adverse changes in its financial condition. Because the parties

3

currently dispute whether Cook is entitled to any damages and further dispute the amount of any potential damage award, the Court cannot conclude that Endologix's resources will be inadequate to satisfy a judgment if Cook ultimately prevails on its claims. Thus, in view of the financial data submitted by Endologix, a stay pending resolution of the reexaminations is not likely to cause any prejudice to Cook.

Moreover, a stay will simplify the issues in question and streamline any future trial. During the reexamination, the PTO will review and consider the prior art submitted by Endologix. This Court will benefit from the PTO's expertise and conclusions in dealing with the art and the potential reduction in the number of claims, patents, and/or prior art references at issue before the Court should this case ever resume. *See Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08-CV-135-JVB-RBC, 2009 WL 1108822, at *4 (N.D. Ind. Apr. 24, 2009) ("[I]t is virtually undeniable that a stay followed by a PTO reexamination will simplify the issues in the case and streamline the proceedings."). Additionally, even if Cook's patents survive the reexamination procedure, this Court will still have the benefit of the PTO's decisions to guide it in conducting the *Markman* hearing and ruling on summary judgment motions. *See Spa Syspatronic, AG v. Verifone, Inc.*, Civil Action No. 2:07-CV-416, 2008 WL 1886020, at *1 (E.D. Tex. Apr. 25, 2008) ("[W]hether or not the PTO ultimately amends or invalidates a patent's Claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues for trial.").

Further, a stay of the litigation will reduce the burden on the parties and the Court. The present litigation is at a very early stage. The Court has not approved a Case Management Plan, the parties have not initiated discovery, and the Court has not set a trial date. Should the reexaminations

result in the cancellation or amendment of any of Cook's claims, a stay at this stage in the litigation will likely save the parties substantial cost and prevent duplicative proceedings in the future. *See Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *2 (N.D. Ill. Mar. 3, 2004) ("There is a significant chance that the PTO will either invalidate this patent or drastically decrease its scope. This creates a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings.").

Moreover, Endologix filed its reexamination requests and its request for a stay promptly at the outset of the litigation. Such prompt action on the part of Endologix differentiates this case from many of the cases in which district courts have denied litigation stays. *See, e.g., Cynosure, Inc. v. Cooltouch Inc.*, Civil Action No. 08-10026-NMG, 2009 WL 2462565, at *2-3 (D. Mass. Aug. 10, 2009) (refusing to stay litigation pending reexamination when motion to stay was filed after close of fact discovery and only two days before close of expert discovery); *Storus Corp. v. Aroa Mktg., Inc.*, No. C-06-2454 MMC, 2008 WL 540785, at *1 (N.D. Cal. Feb. 25, 2008) (refusing to grant motion to stay pending reexamination when the motion to stay was filed only three weeks before trial).

**III.   Conclusion**

For these reasons, it is ordered that:

1. Endologix's Motion to Stay Proceedings Pending *Ex Parte* Application for Reexamination of Patents-in-Suit [Docket No. 26] is granted;

2. All proceedings in this matter are hereby stayed pending the resolution of the reexamination proceedings in the United States Patent and Trademark Office with respect to U.S. Patent No. 5,755,777 and U.S. Patent No. 5,035,706;

3. The parties may jointly request a lifting of the stay for the limited purpose of a Court-supervised settlement conference;

4. The Case Management Plan [Docket No. 33] is denied; and

5. The time for filing any objection to this Order under Fed. R. Civ. P. 72(a) runs from the date this Order is docketed.

Date: 01/21/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Randy Lee Campbell Jr.
BRINKS HOFER GILSON & LIONE
rcampbell@usebrinks.com

Kelly J. Eberspecher
BRINKS HOFER GILSON & LIONE
keberspecher@brinkshofer.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Richard A. Kaplan
BRINKS HOFER GILSON & LIONE
rkaplan@usebrinks.com

Bradley G. Lane
BRINKS HOFER GILSON & LIONE
blane@brinkshofer.com

Danielle Anne Phillip
BRINKS HOFER GILSON & LIONE
dphillip@brinkshofer.com

John B. Sganga Jr,
KNOBBE MARTENS OLSON & BEAR, LLP.
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Joshua J. Stowell
KNOBBE MARTENS OLSON & BEAR, LLP.
2040 Main Street
Fourteenth Floor
Irvine, CA 92614

J. David Evered
KNOBBE MARTENS OLSON & BEAR, LLP.

2040 Main Street
Fourteenth Floor
Irvine, CA 92614