**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| COOK INCORPORATED, ) | |
| ) | |
| Plaintiff / Counterclaim Defendant, ) | |
| ) | Case No.: 1:09-cv-1248-WTL-TAB |
| v. ) | |
| ) | |
| ENDOLOGIX, INC., ) | |
| ) | |
| Defendant / Counterclaim Plaintiff. ) | |

**CASE MANAGEMENT PLAN**

**I.  Parties and Representatives**

    A.  Parties

        1.  Plaintiff

            a)  Cook Incorporated

        2.  Defendant

            a)  Endologix, Inc.

    B.  Representatives

        1.  Plaintiff

            Richard A. Kaplan
            Bradley G. Lane
            Kelly J. Eberspecher
            Danielle Anne Phillip
            BRINKS HOFER GILSON & LIONE
            NBC Tower – Suite 3600
            455 North Cityfront Plaza Drive
            Chicago, Illinois 60611
            Phone: (312) 321-4200
            Fax:    (312) 321-4299
            Email: rkaplan@brinkshofer.com
                     blane@brinkshofer.com
                     keberspecher@brinkshofer.com
                     dphillip@brinkshofer.com

     Randy L. Campbell
     BRINKS HOFER GILSON & LIONE
     Capital Center South – Suite 1100
     201 North Illinois Street
     Indianapolis, Indiana
     Phone: (317) 636-0886
     Fax: (317) 634-6701
     Email: rcampbell@brinkshofer.com

  2. Defendant

     John B. Sganga, Jr.
     J. David Evered
     Joshua J. Stowell
     KNOBBE, MARTENS, OLSON & BEAR, LLP
     2040 Main Street
     Fourteenth Floor
     Irvine, CA  92614
     Phone: (949) 760-0404
     Facsimile: (949) 760-9502
     Email:  John.Sganga@kmob.com

     Daniel K. Burke
     HOOVER HULL LLP
     111 Monument Circle
     Suite 4400
     Indianapolis, Indiana  46244-0989
     Telephone:  (317) 822-4400
     Facsimile:  (317) 822-0234
     E-mail: dburke@hooverhull.com

Counsel shall promptly file a notice if there is any change in this information.

## II. Synopsis of Case

 A. Plaintiff's Synopsis

This case concerns two Cook patents that relate to an important medical device known as a stent graft that treats abdominal aortic aneurysms, which are life-threatening conditions of the aorta. On October 6, 2009, Cook filed its complaint for patent infringement against Endologix, based on Cook's U.S. Patent No. 5,755,777 (the "'777 Patent"), entitled "Expandable

Transluminal Graft Prosthesis for Repair of Aneurysm," issued in 1998, and U.S. Patent No. 5,035,706 (the "'706 Patent"), entitled "Percutaneous Stent and Method for Retrieval Thereof," issued in 1991. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

Endologix was served with the Summons and Complaint on October 8, 2009, and after obtaining an extension of time to respond, Endologix filed its Answer with affirmative defenses and counterclaims on November 13, 2009. Endologix has alleged defenses and counterclaims in its Answer, including noninfringement and invalidity of the '777 and '706 Patents, as well as laches, estoppel, and waiver. Cook believes these defenses and counterclaims are without merit.

In late November, 2009, Endologix filed requests for ex parte reexamination with the U.S. Patent and Trademark Office (the "PTO") on the '777 Patent and the '706 Patent, and a day later, Endologix filed a motion to stay this case based on these requests, which was granted on January 21, 2010 (Dkt. No. 39). On February 12, 2010, the PTO completed the reexamination of the '706 Patent and rejected all of the invalidity arguments made by Endologix after substantively analyzing each one. (See Dkt. No. 41, Ex. A at 3-4.) Thereafter, on April 14, 2010, the '777 patent reexamination was completed, and the PTO confirmed the patentability of original claim 1, as amended, as well as new claims 23-35, and also cancelled original claim 11. The PTO found that none of the prior art of record, alone or in combination, taught the inventions claimed in amended claim 1 and new claims 23-35. (*See* Dkt. No. 48-1, Ex. A at 2-5.)

Now that the reexaminations have concluded, this case is poised to proceed. Because both of Cook's patents have successfully completed reexamination, Cook's patents enjoy a heightened presumption of validity, as Endologix conceded in earlier briefing. (*See* Dkt. No. 32, at 11-12.) As for damages, under 35 U.S.C. §286, Cook is entitled to damages for infringements

within six years of the filing of the complaint, and Endologix has made and sold over $130 million in Powerlink stent grafts that Cook accuses of infringing the '706 Patent, with the bulk of those sales in the past year or so.  Further, Endologix made a full market introduction of its IntuiTrak delivery system in the second quarter of 2009, and over the next couple of years, it is estimated that Endologix will sell more than $100 million additional IntuiTrak delivery systems.  Cook accuses the IntuiTrak delivery system of infringing the '777 Patent, which will not expire until October 25, 2011.  Cook makes and sells competing devices and delivery systems, and will be entitled to an injunction to stop further infringing sales, and also considerable lost profits damages for past damages based on this infringement.  Endologix has not discontinued selling its IntuiTrak delivery system, and so the damages in this case are continuing to accumulate, and that is why it is important for this case to move to trial quickly so that an injunction, entered pursuant to 35 U.S.C. § 283, can put a cap on the amount of damages and stop any further irreparable harm to Cook.

Cook suggests that a timetable consistent with the above-noted considerations should be established in this case, and Cook proposes a reasonable discovery and claim construction schedule below for the parties' activities up through the *Markman* claim construction hearing. The schedule proposed by Cook permits amendment of the pleadings in the very near future for both Cook and Endologix, and provides for Markman briefing to be concluded this year, rather than in February of next year (or later if there is supplemental briefing) as suggested by Endologix.  Further, over the course of the schedule proposed by Cook, the parties are free to discuss settlement and as Cook has advised Endologix, Cook is willing to discuss settlement with Endologix directly, without the need to involve a mediator.  Cook suggests that setting a prompt,

firm schedule will more likely foster a settlement of this case and that the schedule proposed by Endologix will not be conducive to meaningful settlement discussions and will lead to nothing more than further delay.

For the sake of completeness, activities after the hearing and through trial have been identified in this plan, but the parties respectfully request that a phase II case management conference be held after the *Markman* claim construction ruling so as to set the dates for these activities. Consequently, blanks have been provided below for the convenience of the Court at the later conference concerning these particular dates that follow the *Markman* claim construction ruling.

      B.      Defendant's Synopsis

1. History

The Patents-in-Suit issued, respectively, twelve and nineteen years ago. Prior to filing this suit in October 2009, Cook had never asserted the Patents-in-Suit against Endologix. Meanwhile, Endologix publicized that its accused Powerlink® stent product obtained conditional FDA approval in 2004 and publicly disclosed its IntuiTrak® delivery catheter product at least as early as 2008 when it obtained FDA approval. Further, in a 2008 suit in this Court against Endologix ("2008 lawsuit") involving overlapping factual issues relating to the same Powerlink® products, Cook made no patent infringement allegations. The parties settled the 2008 lawsuit, and the broad release language in the settlement agreement bars Cook's claims in this case. This Court also entered a stipulated final judgment that expressly permitted Endologix to continue selling the accused Powerlink® products at issue in this case.

Endologix filed a request for the reexamination of United States Patent No. 5,755,777 (the "'777 Patent") with the United States Patent and Trademark Office ("PTO") on November 16, 2009, and filed a similar request with the PTO relating to United States Patent No. 5,035,706 (the "'706 Patent") on November 23, 2009.  The Court stayed this litigation pending the outcomes of the reexamination of the '706 and '777 Patents.

The PTO issued a Reexamination Certificate for the '706 Patent on April 20, 2010. While the claims of the '706 Patent were not amended, Cook made certain statements before the PTO that further clarified the scope of the patent.  The PTO has not yet issued a Reexamination Certificate for the '777 Patent.  However, the PTO did issue a Notice of Intent to Issue a Reexamination Certificate for the '777 Patent on April 14, 2010.  Assuming that the PTO does not reconsider its decision, upon issuance of the Reexamination Certificate, asserted Claim 1 of the '777 Patent will have been substantially amended and asserted Claim 11 of the '777 Patent will have been cancelled.

2. Endologix's Defenses and Counterclaims

Endologix asserts that its accused products do not infringe any claim of the Patents-in-Suit and that the Patents-in-Suit are invalid.  Endologix seeks declaratory judgment of noninfringement and invalidity of both Patents-in-Suit.  Endologix's burden for proving invalidity has not changed as a result of the reexamination: the standard for proving patent invalidity continues to be clear and convincing evidence.  In the event Endologix alleges patent invalidity based solely on the exact same references considered by the PTO during the reexamination, Endologix will face the added burden of overcoming the deference due to the PTO's decision to issue the Reexamination Certificate.  (*See* Dkt. 32 at 11-12.)

Endologix also asserts that Cook's claims are barred by laches and by the terms of the settlement agreement entered into by the parties to settle the 2008 lawsuit. The agreement bars the present suit because it at least released Cook's claims in this action, resulted in an implied license to Endologix, and satisfied the doctrine of accord and satisfaction. Endologix further asserts that this Court's dismissal of the 2008 lawsuit with prejudice bars Cook's claims under the doctrine of claim preclusion because Cook could have and should have asserted the present claims in that lawsuit.

Endologix is identifying potential additional counterclaims to assert in this action and will file those, or seek leave to do so, depending on the schedule the Court establishes for pleading amendments. Under Endologix's case management proposal, sufficient time is provided for the parties to amend the pleadings in advance of the exchange of the patent infringement contentions, such that if Endologix counterclaims with its own patent infringement claims, the same schedule for exchanging invalidity and infringement contentions and Markman proceedings can apply to all patents asserted by both parties.

3. <u>Amended Pleadings Proposal</u>

In its originally filed Complaint, Cook specifically alleged infringement of Claims 1 and 11 of the '777 Patent and Claims 6 and 12 of the '706 Patent. Cook will need to amend its Complaint to reflect the new Reexamination Certificate and its new claims. Endologix proposes two distinct periods in which the parties may amend their pleadings. During the first period, each party would be permitted one opportunity to amend its pleadings without seeking leave of court. Specifically, Cook would have until July 30, 2010 to amend its Complaint to identify the '777 Reexamination Certificate and its newly asserted claims. In the unlikely event that the PTO

has not issued the Reexamination Certificate by July 30, 2010, Endologix proposes that the parties report back to the Court by that date to assess whether any interim action by the PTO should impact the case schedule. Assuming Cook files an amended Complaint on July 30, 2010, Endologix would then have the customary 21 days to Answer and add any known counterclaims. Cook would then have an additional 7 days to Answer any counterclaims. Following these initial amendments, the second period would begin. During the second period, the parties would be required to seek leave of the Court to further amend the pleadings and the last day to file such a motion would be October 29, 2010. In contrast, Cook's proposal would require notice for the parties to amend the pleadings at any time going forward. However, motion practice regarding leave to amend is not necessary initially because the case is still at the outset with respect to the pleadings and the parties do not dispute that the pleadings must be amended.

4. <u>Mediation Proposal</u>

Endologix has proposed the parties, with the assistance of the Court, conduct an early settlement conference to flush out the case issues and attempt to reach a mutually acceptable resolution before the case progresses too far. Endologix believes the parties would benefit from conducting this settlement conference before incurring the costs of preparing amended pleadings and preliminary infringement and invalidity contentions.

5. <u>Markman Briefing Proposal</u>

Endologix proposes adopting Track 1 for *Markman* briefing as set forth in this District's Patent Case Management Plan, Part M. Consistent with Track 1, Endologix proposes that both parties simultaneously exchange opening claim construction briefs followed by a simultaneous exchange of reply briefs. Track 1 permits each party to affirmatively state its position and

respond to the opponent's position without unnecessarily drawing out the briefing process with additional reply briefs. In the event the Court still has questions concerning specific claim terms following the reply briefing, it may request that the parties submit additional briefs focused on specific issues and terms. In this way, Track 1 presents the most efficient means to resolve the claim construction disputes.

6. Overall Schedule

There is no justification for an expedited schedule in the present suit. The '706 Patent expired approximately 8 months ago, on October 17, 2009, so injunctive relief is no longer available. Similarly, the '777 Patent expires on October 25, 2011, making it unlikely that a post-trial final judgment will be entered before its expiration and rendering the prospects of injunctive relief following the final judgment highly unlikely. Moreover, Cook has previously licensed the '777 patent to third parties, eliminating its exclusive right to practice the technology and demonstrating that a monetary award will be a sufficient remedy in this case.

Ultimately, Endologix's proposed case management schedule results in a *Markman* hearing only seven weeks after the date proposed by Cook, while also providing a mechanism to effectively deal with amending the pleadings. Endologix agrees with Cook that a phase II case management conference should occur after the *Markman* ruling to set the dates for case activities going forward.

**III.    Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before [**Plaintiff's Proposal:** July 2, 2010; **Defendant's Proposal:** July 2, 2010].

    B.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before [**Plaintiff's Proposal:** July 30, 2010; **Defendant's Proposal:** Phase 1: Amendment of Complaint by Cook as of right, July 30, 2010,

      Endologix' amended answer and counterclaims by August 20, Cook's reply by August 27; Phase 2: Last day to file motions for leave to further amend pleadings, October 29, 2010; Parties to report to Court by July 30, 2010 if the Reexamination Certificate still has not issued].

C.    Plaintiff(s) shall serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions on or before [**Plaintiff's Proposal:** July 16, 2010; **Defendant's Proposal:** September 6, 2010] which shall contain the following information:

    1.    Each claim of each patent in suit that is allegedly infringed by each opposing party;

    2.    Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

    3.    A Plaintiff's Claim Chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    4.    Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

    5.    For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

    6.    If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

        With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

        a)      Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

        b)      All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date; and

        c)      A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

D.    Defendant(s) shall serve Preliminary Invalidity Contentions on or before [**Plaintiff's Proposal:** August 30, 2010; **Defendant's Proposal:** October 18, 2010].

Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that

such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(l) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, and other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Plaintiff's Claim Chart; (b) A copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

E. The parties shall simultaneously exchange lists of claim terms, phrases, or clauses which they contend should be construed by the court and identify any claim element which they contend should be governed by 35 U.S.C 112(6) on or before [**Plaintiff's Proposal:**  September 8, 2010; **Defendant's Proposal:** October 29, 2010].  The parties shall thereafter meet and confer for the purposes of finalizing these lists, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.

F. The parties shall disclose the name, address, and vita of each expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before [**Plaintiff's Proposal:**  September 30, 2010; **Defendant's Proposal:** November 8, 2010].  If a party discloses an expert witness on this deadline, any party that did not identify an expert witness on this deadline may disclose the name, address and vita of an expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before [**Plaintiff's Proposal:**  October 5, 2010; **Defendant's Proposal:** November 15, 2010].

G. On or before [**Plaintiff's Proposal:**  October 12, 2010; **Defendant's Proposal:** November 22, 2010], the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes.  Each such "Preliminary Claim Construction" shall for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.  By the same date,  the parties also shall provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient or expert witnesses they contend support their respective claim constructions.  The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not produced.

        With respect to any percipient witness, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

H.      On or before [**Plaintiff's Proposal:** October 22, 2010; **Defendant's Proposal:** December 2, 2010], the parties shall meet and confer to discuss issues relating to claim construction. During this meeting, the parties shall confer for the purposes of narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction Statement.

I.      If plaintiff identified a *Markman* expert, plaintiff shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B), on or before the due date of its opening *Markman* brief [**Plaintiff's Proposal:** on November 9, 2010; **Defendant's Proposal:** on January 14, 2011]. Plaintiff shall make the expert serving the expert report available for deposition no later than seven (7) days before the due date of defendant's responsive or reply *Markman* brief [**Plaintiff's Proposal:** on November 24, 2010; **Defendant's Proposal:** on February 4, 2011].

J.      If defendant identified a *Markman* expert, defendant shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B), on or before the due date of its opening *Markman* brief [**Plaintiff's Proposal:** on December 2, 2010; **Defendant's Proposal:** on January 14, 2011]. Defendant shall make the expert serving the expert report available for deposition no later than seven (7) days before the due date of plaintiff's responsive or reply *Markman* brief [**Plaintiff's Proposal:** on December 6, 2010; **Defendant's Proposal:** on February 4, 2011].

K.      The parties shall file a Joint Claim Construction Statement on or before [**Plaintiff's Proposal:** October 29, 2010; **Defendant's Proposal:** December 20, 2010]. The Joint Claim Construction Statement shall contain the following information: (a) the construction of those claims, terms, phrases, or clauses on which the parties agree; (b) each party's proposed construction of each disputed claim, term, phrase, or clause; (c) the anticipated length of time necessary for the *Markman* hearing; and (d) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

L.      A settlement conference before the assigned magistrate judge or, if the parties prefer, private mediation, will be held on or before [**Plaintiff's Proposal:** October 29, 2010; **Defendant's Proposal:** July 9, 2010].

M.     *Markman* Briefing
**Plaintiff's Proposal** – Track 2
Cook shall file an opening *Markman* brief on or before November 9, 2010. Endologix shall file its *Markman* brief on or before December 2, 2010. Cook shall file a reply brief on or before December 13, 2010.

>
> **Defendant's Proposal** – Track 1
> The parties shall file initial *Markman* briefs on or before January 14, 2011 and reply *Markman* briefs on or before February 11, 2011.

N. A *Markman* hearing will be held on [**Plaintiff's Proposal:** January 13, 2011; **Defendant's Proposal:** March 3, 2011].

O. On [**Plaintiff's Proposal:** 15 days after the *Markman* decision; **Defendant's Proposal:** 15 days after the *Markman* decision], the court will hold a case management plan conference at which Phase II dates and trial date will be set.

**At a case management plan conference on Phase II dates, the following blanks will be replaced with specific dates as set by the Court:**

P. Each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement, it shall: (i) Produce the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and (ii) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection. This will be completed on or before _____ .

A party opposing a claim of patent infringement who does not comply with these requirements shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which shall be entered only upon a showing of good cause.

Q. A party claiming patent infringement may serve "Final Infringement Contentions" that amend its Preliminary Infringement Contentions if that party in good faith believes that the court's Claim Construction Ruling or the documents produced by the other part(ies) during the course of discovery so require. These shall be filed on or before _____.

R. Plaintiff(s) shall serve (but not file with the court) on or before _____ a statement of damages to be sought at trial, if any, and make a settlement demand. Defendant(s) shall serve (but not file with the court) a response thereto on or before _____.

S. All parties shall file and serve their final witness and exhibit lists on or before _____. **These lists shall be updated (narrowed) every 30 days until trial witness lists are filed.** The final witness lists shall include a brief

    description of each witness' anticipated testimony and certification by counsel that each witness has either been deposed in this action or interviewed by counsel.

T.  On or before _____, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: (i) a party claiming patent infringement has served "Final Infringement Contentions," or (ii) the party opposing a claim of patent infringement believes in good faith that the court's Claim Construction Ruling so requires.

U.  Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted herein, may be made only by order of the court, which shall be entered only upon a showing of good cause.

V.  On _____, all fact discovery shall be completed.

W.  On or before _____ , the parties bearing the burden of proof on a particular issue shall disclose the name, address, and vita of each expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B).

X.  On or before _____, the parties not bearing the burden of proof on a particular issue shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B).

Y.  All dispositive motions shall be filed on or before _____; responses shall be filed on or before _____; replies shall be filed on or before _____.

Z.  All expert discovery shall be completed on or before _____.

AA.  Any party who believes that bifurcation at trial is appropriate with respect to any issue or claim shall file a motion to that effect as soon as practicable, but in no event later than _____; responses shall be filed on or before _____; replies shall be filed on or before _____.

BB.  Any motions to exclude or limit expert testimony at trial (*Daubert* motions) shall be filed on or before _____; responses shall be filed on or before _____; replies shall be filed on or before _____.

CC.  A case management conference will be held on _____ .

**IV.**  **Referral to Magistrate Judge**
At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

15

### V. Required Pre-Trial Preparation

**At a case management plan conference on Phase II dates, the following blanks will be replaced with specific dates as set by the Court:**

  A.  On _____, the parties shall:

   1. File a list of witnesses who are expected to be called to testify at trial.

   2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3. Submit all stipulations of facts in writing to the court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

   4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the court and copy to all opposing parties either:

       a) brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

       b) if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

   5. Provide all other parties and the court with any trial briefs, along with all proposed jury instructions, *voir dire* questions, and areas of inquiry for *voir dire* (or, if the trial is to the court, with proposed findings of fact and conclusions of law).

   6. File any motions in limine, which shall be briefed according to Local Rule 7.1.

   7. Notify the court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    On _____, the parties shall:

        1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

        2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the court's immediate attention to allow adequate time for editing of the deposition prior to trial.

        3.    File any objections to proposed instructions and *voir dire* questions submitted by the opposing parties.

        4.    Notify the court and opposing counsel of requests for separation of witnesses at trial.

    C.    On _____, the parties shall appear at the final pretrial conference.

## VI. Other Matters

    A.    Materials Shown to Experts and Drafting of Expert Reports

Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the bases or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

The parties shall agree that: (A) drafts of expert reports will not be retained and produced; and (B) inquiry is permitted into who, if anyone, other than the expert participated in the drafting of his/her report. The court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

    B.    Additional Pretrial Conference Particulars and Exhibit Marking

At the final pretrial conference, the parties will inform the court whether the parties agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

Exhibit numbering shall, to the extent possible, be maintained with a single and unique exhibit number throughout the entire case.  A party first marking a document as an exhibit (whether with a pleading or declaration, for a deposition or trial, or otherwise) shall mark it, and the parties shall cooperatively track which documents are so marked, and shall thereafter use that exhibit numbering for all purposes.  While it is preferable to have exhibits marked sequentially, the parties may also agree to ranges of exhibit numbers for their respective, initial marking.  If the same document is marked with more than one exhibit number inadvertently, such multiple exhibit numbers shall remain.  The parties are not to mark exhibits as letters, but may, and are encouraged to, mark related documents (such as duplicates with different bates numbers, or related versions of the same document) with numbers followed by letters (e.g. Exh. 7, Exh. 7-A, and Exh. 7-B).

As to a Protective Order, [**Plaintiff's Proposal:**  Plaintiff proposes utilizing on an interim basis what the parties previously agreed upon in their earlier case management plan (Dkt. No. 33, at 15), namely "Upon commencement of discovery, if any document or information is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order has been issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the producing party and disclosure of the confidential document or information shall be limited to each party's outside attorneys of record and the employee(s) of such outside attorneys.  The person(s) to whom disclosure of a confidential document or information is made hereunder shall keep it confidential and shall use it only for purposes of litigating this case."
**Defendant's Proposal:**  Endologix believes it is more appropriate for the parties to work promptly to stipulate to a complete protective order which will govern for the entire case and include all appropriate details.]

| | |
|---|---|
| /s/ Bradley G. Lane_____ | /s/ John B. Sganga_____ |
| Richard A. Kaplan | John B. Sganga, Jr. |
| Bradley G. Lane | J. David Evered |
| Kelly J. Eberspecher | Joshua J. Stowell |
| Danielle Anne Phillip | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| BRINKS HOFER GILSON & LIONE | 2040 Main Street |
| NBC Tower – Suite 3600 | Fourteenth Floor |
| 455 North Cityfront Plaza Drive | Irvine, CA 92614 |
| Chicago, Illinois 60611 | Phone: (949) 760-0404 |
| Phone: (312) 321-4200 | Facsimile: (949) 760-9502 |
| Fax: (312) 321-4299 | Email: John.Sganga@kmob.com |
| Email: rkaplan@brinkshofer.com | |
|       blane@brinkshofer.com | |
|       keberspecher@brinkshofer.com | |
|       dphillip@brinkshofer.com | Andrew W. Hull, #11218-49 |
| | Daniel K. Burke, #24572-49 |
| Randy L. Campbell | HOOVER HULL LLP |
| BRINKS HOFER GILSON & LIONE | 111 Monument Circle, Suite 4400 |
| Capital Center South – Suite 1100 | P. O. Box 44989 |
| 201 North Illinois Street | Indianapolis, Indiana 46244 |
| Indianapolis, Indiana 46204 | Phone: (317) 822-4400 |
| Phone: (317) 636-0886 | Fax: (317) 822-0234 |
| Fax: (317) 634-6701 | Email: ahull@hooverhull.com |
| Email: rcampbell@brinkshofer.com |       dburke@hooverhull.com |
| | |
| Attorneys for Plaintiff, | Attorneys for Defendant, |
| COOK INCORPORATED | ENDOLOGIX, INC. |

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE |

| | | |
|---|---|---|
| | SHORTENED/LENGTHENED BY _____ MONTHS. | |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  A FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. | |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: | |
| | | _____ IN PERSON IN ROOM _____; OR |
| | | _____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR |
| | | _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_\_) _____. |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN. | |
| | | |
| | | |

    Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

    **Approved and So Ordered.**


Date                                                            _____
                                                                U. S. District Court
                                                                Southern District of Indiana

9241162
062210