IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 09-cv-1248-TWP-TAB |
| ) | |
| ENDOLOGIX, INC., ) | |
| ) | |
| Defendant. ) | |

**COOK INCORPORATED'S REPLY TO COUNTERCLAIMS OF ENDOLOGIX, INC.**

For its Reply to the counterclaims filed by Defendant/Counterclaim-Plaintiff Endologix, Inc. ("Endologix") with its Amended Answer, Plaintiff/Counterclaim-Defendant Cook Incorporated ("Cook") states, alleges and avers as follows:

**JURISDICTION AND VENUE**

1. Cook admits that the Court has subject matter jurisdiction over the asserted Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 and denies the remainder of the allegations of paragraph 1.

2. Cook admits the allegations of paragraph 2.

**THE PARTIES**

3. Cook admits the allegations of paragraph 3.

4. Cook admits the allegations of paragraph 4.

**FIRST CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF PATENT INVALIDITY ('777 Patent)**

5. Cook incorporates by reference herein and re-alleges its responses to paragraphs 1 through 4.

6. Cook admits that paragraph 6 purports to allege a Counterclaim that arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

7. Cook admits that an actual controversy exists between Cook and Endologix as to infringement and validity of the claims of the '777 Patent. Cook denies the remainder of the allegations of paragraph 7.

8. Cook denies the allegations of Paragraph 8.

9. Cook denies the allegations of Paragraph 9.

## SECOND CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT ('777 Patent)

10. Cook incorporates by reference herein and re-alleges its responses to paragraphs 1 through 9.

11. Cook admits that paragraph 11 purports to allege a Counterclaim that arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

12. Cook admits it filed suit alleging infringement of the '777 Patent by Endologix and that an actual justiciable controversy exists between Cook and Endologix as to Endologix's infringement of the '777 Patent. Cook denies the remainder of the allegations of paragraph 12.

13. Cook denies the allegations of paragraph 13.

14. Cook denies the allegations of paragraph 14.

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF PATENT INVALIDITY ('706 Patent)

15. Cook incorporates by reference herein and re-alleges its responses to paragraphs 1 through 14.

16. Cook admits that paragraph 16 purports to allege a Counterclaim that arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

17. Cook admits that an actual controversy exists between Cook and Endologix as to infringement and validity of the claims of the '706 Patent. Cook denies the remainder of the allegations of paragraph 17.

18. Cook denies the allegations of paragraph 18.

19. Cook denies the allegations of paragraph 19.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT ('706 Patent)

20. Cook incorporates by reference herein and re-alleges its responses to paragraphs 1 through 19.

21. Cook admits that paragraph 21 purports to allege a Counterclaim that arises under the patent laws of the United States and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

22. Cook admits it filed suit alleging infringement of the '706 Patent by Endologix and that an actual justiciable controversy exists between Cook and Endologix as to Endologix's infringement of the '706 Patent. Cook denies the remainder of the allegations of paragraph 22.

23. Cook denies the allegations of paragraph 23.

24. Cook denies the allegations of paragraph 24.

## REPLY TO PRAYER FOR RELIEF

Cook incorporates herein its responses to paragraphs 1 through 24 of Endologix's Counterclaims and denies that Endologix is entitled to any relief or judgment against Cook, and Cook prays for judgment on Endologix's counterclaims, which judgment (1) denies the

counterclaims and all relief requested under them, and (2) awards Cook its costs and attorney fees and any such further relief as this Court deems just and proper.

Dated: September 7, 2010

Respectfully submitted,

/s/ Bradley G. Lane
Richard A. Kaplan
Bradley G. Lane
Kelly Eberspecher
Danielle Anne Phillip
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Phone: (312) 321-4200
Fax: (312) 321-4299
E-mail: rkaplan@brinkshofer.com
blane@brinkshofer.com
keberspecher@brinkshofer.com
dphillip@brinkshofer.com

Randy L. Campbell
BRINKS HOFER GILSON & LIONE
Capital Center South - Suite 1100
201 North Illinois Street
Indianapolis, Indiana 46204
Phone: (317) 636-0886
Fax: (317) 634-6701
Email: rcampbell@brinkshofer.com

Attorneys for Plaintiff,
COOK INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2010, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Andrew W. Hull
>Daniel K. Burke
>HOOVER HULL LLP
>Email: ahull@hooverhull.com
>         dburke@hooverhull.com
>
>         and
>
>John B. Sganga, Jr.
>J. David Evered
>Joshua J. Stowell
>KNOBBE, MARTENS, OLSON & BEAR, LLP
>Email: 2jbs@kmob.com
>         2jde@kmob.com
>         2jys@kmob.com
>
>
>/s/  Bradley G. Lane
>Attorney for Plaintiff,
>COOK INCORPORATED