**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| COOK INCORPORATED Corporate Parent COOK GROUP INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENDOLOGIX, INC., )<br>)<br>Defendant. )<br>_____ )<br>)<br>ENDOLOGIX, INC., )<br>)<br>Counter Claimant, )<br>)<br>v. )<br>)<br>COOK INCORPORATED, )<br>)<br>Counter Defendants. )<br>) | Case No. 1:09-cv-01248-TWP-DKL |

**ENTRY ON ENDOLOGIX'S MOTION FOR LEAVE TO FILE SUMMARY
JUDGMENT OF NO CONTRACTUAL ESTOPPEL AND NO WILLFUL
INFRINGEMENT**

This matter is before the Court on Defendant Endologix, Inc.'s ("Endologix") motion for leave to file a motion for summary judgment of no contractual estoppel and no willful infringement (Dkt. 264). The deadline for filing dispositive motions in this case was March 30, 2012 and this matter is set for trial by jury beginning October 29, 2012. Endologix contends the Court should grant its motion "because the underlying motions are based on two recent legal decisions that were not available to Endologix before the substantive motion cut-off date." Dkt. 264 at 1. Endologix is referring to this Court's July 6, 2012 Entry denying Endologix's Motion

for Summary Judgment that Plaintiff Cook Incorporated's ("Cook") Patent Infringement Claims are Barred by Contractual Estoppel (Dkt. 225) and the Federal Circuit's June 14, 2012 decision *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003 (Fed. Cir. 2012). For the reasons set forth below, Endologix's motion (Dkt. 264) is **DENIED**.

To begin, the Court notes that the dispositive motion deadline in this case was March 30, 2012; the current motion was not filed until August 13, 2012, well past the deadline. Endologix states that it has "moved promptly to raise these legal issues with the Court" and resolution of the issues "prior to trial will simplify the issues for the Court and jury, reduce the risk of juror confusion, and conserve judicial and party resources." Dkt. 264 at 2. The Court disagrees.

Endologix's proposed underlying motion for summary judgment encompasses two issues, each of which it claims should be resolved before trial. First, Endologix argues the Court's denial of summary judgment of contractual estoppel (Dkt. 225) is not a "final judgment on the contractual estoppel issue and, therefore, the issue currently remains unresolved." Dkt. 264 at 3. It is undisputed that the Court's July 6, 2012 entry definitively concluded Endologix's contractual estoppel defense fails as a matter of law. Moreover, both parties agree there are no factual disputes regarding this issue. Because the Court has found as a matter of law that the 2008 Settlement Agreement does not bar Cook's current patent infringement claims, no issues of fact remain.

Endologix argues that a final judgment in the form of granting its underlying proposed summary judgment motion will preserve the issue for appeal to the Federal Circuit. But this is not the sole method to preserve this issue for appeal. The Seventh Circuit has held that to appeal the denial of summary judgment where the evidence was disputed, "a challenge must be raised in a Rule 50(a) motion for judgment as a matter of law before the case is submitted to the jury."

*Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 (7th Cir. 2003). However, when a denial of summary judgment is purely a legal issue, as it was here, "[t]he general rule . . . that, after a trial on the merits, the court of appeals will not review the district court's earlier denial of a motion for summary judgment" does not apply. *Id.* "Defenses are not extinguished merely because presented and denied at the summary judgment state. If the plaintiff goes on to win, the defendant can reassert the defense on appeal." *Id.* (quoting *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1318 (7th Cir. 1995)). In this case, Endologix need not present its contractual estoppel defense to the jury merely to preserve it for appeal. Therefore, the Court need not again address the issue of collateral estoppel before trial.

Second, Endologix argues that the *Bard* decision requires the Court to decide the first prong of the willful infringement test, that is, whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent. *See Bard*, 682 F.3d at 1008. This issue is not in dispute. The Court agrees, as does Plaintiff Cook, that *Bard* clarified the allocation of decision making under the two-prong willful infringement test. However, the Court does not believe this issue must be decided before trial. As pointed out by Cook in its opposition to the instant motion, "*Bard* contemplates a decision on the objective prong *after* the jury has deliberated on other aspects of willfulness." Dkt. 272 at 4. *Bard* instructs that the court may, "when the defense is a question of fact or a mixed question of law and fact[,] allow the jury to determine the underlying facts relevant to the defense in the first instance." *Bard*, 682 F.3d at 1008. In fact, in *Bard* the court remanded for the lower court to determine "based on the record ultimately made in the infringement proceedings, whether a reasonable litigant could realistically expect [its] defenses to succeed." *Id.* The *Bard* court cited for this proposition *DePuy Spine Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1324 (Fed. Cir. 2009), in which the court held

an underlying question of law for the judge may be determined either by a motion for partial summary judgment or "on a motion for judgment as a matter of law at the close of evidence and after the jury verdict." Therefore, the Court need not decide this issue before trial.

## **CONCLUSION**

For the reasons stated above, Endologix's Motion for Leave to File Motion For Summary Judgment of No Contractual Estoppel and No Willful Infringement (Dkt. 264) is **DENIED**.

SO ORDERED.

Date: 08/30/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bradley G. Lane
BRINKS HOFER GILSON & LIONE
blane@brinkshofer.com

Bryan John Leitenberger
BRINKS HOFER GILSON & LIONE
bleitenberger@brinkshofer.com

Danielle Anne Phillip
BRINKS HOFER GILSON & LIONE
dphillip@brinkshofer.com

Jason W. Schigelone
BRINKS HOFER GILSON & LIONE
jschigelone@brinkshofer.com

Kelly J. Eberspecher
BRINKS HOFER GILSON & LIONE
keberspecher@brinkshofer.com

Ralph J. Gabric
BRINKS HOFER GILSON & LIONE
rgabric@brinkshofer.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Joseph S. Cianfrani
KNOBBE MARTENS OLSON & BEAR, LLP
joseph.cianfrani@kmob.com

John David Evered
KNOBBE MARTENS OLSON & BEAR, LLP.
2jde@kmob.com

Joshua J. Stowell
KNOBBE MARTENS OLSON & BEAR, LLP.
2jys@kmob.com

John B. Sganga, Jr.
KNOBBE MARTENS OLSON & BEAR, LLP.
2jbs@kmob.com