**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| COOK INCORPORATED,<br><br>Plaintiff/Counter-Defendant,<br>v.<br><br>ENDOLOGIX, INC.,<br><br>Defendant/Counter-Claimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 1:09-cv-1248-TWP-DKL |

**COOK'S MOTION FOR CLARIFICATION REGARDING THE COURT'S CLAIM CONSTRUCTION FOR THE "SAID SET OF EYES" LIMITATION <u>IN CLAIM 12 OF U.S. PATENT NO. 5,035,706</u>**

## I. INTRODUCTION

Cook respectfully requests that the Court clarify that its claim construction for the "said set of eyes" limitation in Claim 12 of U.S. Patent No. 5,035,706 ("the '706 patent") means every eye *of a set of eyes* of the second stent. The clarification will make clear that the presence of the word "said" to introduce the limitation necessarily refers back to and incorporates the Court's construction of the "a set of eyes" limitation that appears earlier in claim 12.

Cook brings this motion because Endologix has taken a position in its Trial Brief, (Dkt. No. 237 at 9), that is contrary to Cook's understanding of the "said set of eyes" limitation and contrary to the position Endologix took during the claim construction proceedings. Cook believes clarification on this issue now will avoid disrupting the trial proceedings and will permit both sides to prepare for trial efficiently and without surprise.[1]

---

[1] In accordance with the Second Revised Proposed Phase II Case Management Plan (Dkt. No. 149 at 9), counsel for Cook contacted counsel for Endologix about this motion. Endologix advised that it does not agree to the relief requested by Cook.

## II. ARGUMENT

### A. The Court Appropriately May Revisit A Claim Construction On A "Rolling Basis" To Clarify Or Amend The Construction

As an initial matter, re-visiting a claim construction is appropriate, and indeed, the proper course as a litigation continues, and the Court learns more about the technology at issue or it otherwise comes to light that a clarification may be required. For example, in *Utah Medical Products, Inc. v. Graphic Controls Corp.*, the district court had issued its claim construction ruling in January 2000. 350 F.3d 1376, 1379 (Fed. Cir. 2003). The court subsequently denied the defendant's motion for summary judgment of non-infringement finding a factual issue on a doctrine of equivalents theory. *Id.* at 1380. During oral argument on pre-trial motions in November 2001, nearly two years after the original claim construction ruling, the court slightly, "but significantly," amended one of its constructions because it "unwittingly" may have taken the doctrine of equivalents issue away from the jury. *Id.* On appeal, the defendant challenged the court's change in its initial construction. *Id*. at 1381. The Federal Circuit rejected the defendant's argument, noting that it "discern[ed] no error in the trial court's clarification of its original construction," and that "[r]ecognizing the shortcomings of its original attempt to define the scope of the claims, the district court admirably amended its construction to supply a better definition before trial." *Id*. at 1382.

As the Federal Circuit has held, "[d]istrict courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002). Thus, it is entirely appropriate for the Court to re-visit at this time the "said set of eyes" limitation.

**B. The Court's Construction Of "Said Set Of Eyes Of Said Second Stent" Necessarily Must Mean "Every Eye *Of A Set Of Eyes* Of The Second Stent"**

Claim 12 of the '706 patent provides as follows:

> A stent assembly comprising:
> a first wire formed into a closed zig-zag configuration including;
> an endless series of straight sections having opposite ends, said straight sections being joined by bends at said opposite ends to form a first stent; and
> a second wire formed into a closed zig-zag configuration including;
> a second endless series of straight sections having opposite ends, said straight sections being joined by bends at said opposite ends to form a second stent;
> ***a set of eyes*** formed at several of said bends at one of said opposite ends;
> wherein said first and second stents are resiliently contractable into a smaller first shape for conveyance through a body passageway;
> wherein said first and second stents are resiliently expandable into a second shape in which the straight sections press against the walls of the body passageway; and
> wherein ***said set of eyes*** of said second stent are engaged about said first wire at one of said opposite ends of said first wire.

(Ex. A ('706 patent, claim 12)[2] (emphasis added.) Looking at the highlighted portions of the claim, it can be seen that "set of eyes" is mentioned twice. The first time, it is referred to as "a set of eyes," and the second time as "said set of eyes."

The court construed the "a set of eyes" limitation as "sections of wire each enclosing a loop and linked to the ends of the straight sections by cusps or sharp bends *at two or more* of the bends at one of the opposite ends of the second stent." (Dkt. No. 145 at 20) (emphasis added.)

The Court construed the "said set of eyes" limitation as "every eye of the second stent encloses a bend at one of the opposite ends of the first stent." (*Id*. at 23.)[3] The use of "said" in the limitation is important.

[2] All of the cited exhibits are attached to the concurrently filed Declaration of Bryan J. Leitenberger In Support Of Cook's Motion For Clarification Regarding The Court's Claim Construction For The "Said Set Of Eyes" Limitation In Claim 12 Of U.S. Patent No. 5,035,706.

[3] The Court's claim construction ruling identified the claim term being construed as "set of eyes

A fundamental rule of claim drafting is that "[e]very new element [in a claim] must be introduced by 'a' or 'an' . . . or by no article at all. . . . Every subsequent mention of the previously identified element must be preceded by the definite article 'the' or by 'said.'" (Ex. B (ROBERT C. FABER, FABER ON MECHANICS OF PATENT CLAIM DRAFTING, § 3:3 (6th ed. 2009).) Thus, when "said" is used before a claim term, the term has as its antecedent basis the first, or aforementioned, use of the term in the claim, and has the same meaning given to the term when it first appears in the claim. *See, e.g., Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, 1305 (Fed. Cir. 2008) (holding that "[t]he '*said* instantiated indexes' must be instantiated indexes with an antecedent basis elsewhere in the claim – namely, the indexes that are instantiated during the [earlier] 'instantiating' step").[4]

Applying these established rules, the phrase "said set of eyes of said second stent" necessarily refers back to the earlier limitation "a set of eyes formed at several of said bends," which the Court said was a set of eyes formed at "two or more" bends. (Dkt. No. 145 at 20.) In other words, the reference for "said set of eyes of the second stent" is a set of eyes formed at the "two or more" bends at one of the opposite ends of the second stent. Thus, under long-standing principles of claim construction, Cook believes that the Court's construction of the limitation "said set of eyes of said second stent" means that every eye *of a set of eyes* formed at two or

---

of said second stent . . ." in the box on the page that set forth the claim term, Endologix's construction, and Cook's construction. (*Id.*) Above the box, the Court identified the claim term as "*said* set of eyes of said second stent . . . ." (*Id.*) (emphasis added.) Endologix, whose construction the Court adopted, (*id.*), identified the claim term as "set of eyes of said second stent . . . ." (Dkt. No. 118 at 20.) Cook, on the other hand, identified it as "said set of eyes of said second stent . . . ." (Dkt. No. 107 at 20.) Regardless, the issue Cook raises here is that the word "said" must be accounted for in addressing this claim limitation.

[4] Here, the claim drafter used the word "said" with respect to four different claim terms appearing in claim 12: "straight sections," "opposite ends," "bends," and "set of eyes." Clearly, the drafter was following the basic rules of claim drafting and intended that each of these terms should have the same meaning each time it appears in the claim.

more bends at one of the opposite ends of the second stent encloses a bend at one of the opposite ends of the first stent.

Cook believes the requested clarification was the Court's intention because, in its claim construction ruling, the Court noted that "the *entire set of eyes* needs to be engaged about the wire to satisfy this claim limitation." (*Id*. at 23) ("entire" emphasized in original; "set of eyes" emphasis added.) Likewise, Endologix, in its claim construction brief, argued that "Endologix's construction of 'every eye' clarifies that, by referring to the 'set of eyes' of the earlier limitation, the limitation requires all, and not just some, of the eyes *in the set* to be 'engaged.'" (Dkt. No. 118 at 20) (emphasis added.) Despite these statements, when the Court adopted Endologix's proposed construction, it did not explicitly account for the situation where, as is the case with the accused Powerlink device, the end of the second stent has more than one set of eyes. In that situation, the claim is met where every eye of just *one* of the sets of eyes of the second stent satisfies the limitation.

In its Trial Brief, Endologix has taken advantage of this ambiguity and argued that the accused Powerlink device does not infringe because it "does not include any structure where every eye of the second stent encloses a bend at one of the opposite ends of the first stent." (Dkt. No. 237 at 9.) To put Endologix's argument in visual context, the Powerlink device, as pictured below, has *two* sets of eyes, each of different sizes and each constituting "a set of eyes formed at several of said bends at one of said opposite ends."




(Adapted from Dkt. No. 202 at [02:59].)

In considering the "said set of eyes of said second stent" limitation, it further can be seen, as pictured below, that "*every eye*" of "a set of eyes," in the Powerlink device, in accordance with the Court's claim construction, "encloses a bend at one of the opposite ends of the first stent." (Dkt. No. 145 at 20.)

wherein said set of eyes of said second stent are engaged about said first wire at one of said opposite ends of said first wire.




**Every eye of the 0.059″ set of eyes of the second stent encloses a bend at one of the opposite ends of the first stent**

(Adapted from Dkt. No. 202 at [00:01].)

In other words, Endologix's argument effectively reads "said" out of the limitation so that "every eye" of *both* sets of eyes of the second stent must "enclose[] a bend at one of the opposite ends of the first stent." As a matter of law, the claim cannot correctly be read this way.

## III. CONCLUSION

For the reasons provided above, Cook requests that the Court clarify its construction of the "said set of eyes" limitation to mean "every eye of *a set of eyes* of the second stent encloses a bend at one of the opposite ends of the first stent." (Added language italicized.)

Respectfully submitted,

Dated: September 13, 2012

/s/ Ralph J. Gabric

Ralph J. Gabric
Bradley G. Lane
Kelly J. Eberspecher
Danielle Anne Phillip
Jason W. Schigelone
Bryan J. Leitenberger
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Phone: (312) 321-4200
E-mail:rgabric@brinkshofer.com
blane@brinkshofer.com
keberspecher@brinkshofer.com
dphillip@brinkshofer.com
jschigelone@brinkshofer.com
bleitenberger@brinkshofer.com

Attorneys for Plaintiff,
COOK INCORPORATED

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2012 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Andrew W. Hull
Daniel K. Burke
HOOVER HULL LLP
E-mail:ahull@hooverhull.com
dburke@hooverhull.com

John B. Sganga, Jr.
Joseph Cianfrani
J. David Evered
Joshua J. Stowell
KNOBBE, MARTENS, OLSON & BEAR, LLP
E-mail:john_sganga@kmob.com
joe.cianfrani@kmob.com
jdavid_evered@kmob.com
joshua_stowell@kmob.com

/s/ Bryan J. Leitenberger
Attorney for Plaintiff,
COOK INCORPORATED