UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK INCORPORATED Corporate Parent COOK GROUP INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ENDOLOGIX, INC., | ) ) |
| Defendant. | ) ) No. 1:09-cv-01248-TWP-DKL ) |
| ENDOLOGIX, INC., | ) ) |
| Counter Claimant, | ) ) |
| vs. | ) ) |
| COOK INCORPORATED, | ) ) |
| Counter Defendants. | ) ) |

## **ENTRY ON COOK'S MOTION FOR CLARIFICATION**

This matter is before the Court on Plaintiff Cook, Incorporated's ("Cook") Motion for Clarification Regarding the Court's Claim Construction for the "Said Set of Eyes" Limitation in Claim 12 of U.S. Patent 5,035,706 (Dkt. 341). This Court entered its ruling on claim construction on August 16, 2011. Cook now argues that the Court unintentionally created an ambiguity when it construed "said set of eyes of said second stent" to mean "every eye of the second stent." Dkt. 145 at 23. Because the Court agrees with Cook that the resolution of this asserted ambiguity will avoid disruption and confusion at trial, Cook's motion for clarification (Dkt. 341) is **GRANTED**.

1

## I. BACKGROUND

The facts and background of this case are set forth in the Court's Entry on Claim Construction (Dkt. 145) and Entry on Endologix's Motion for Summary Judgment of Noninfringement of the Patents-in-Suit (Dkt. 300). The following facts are pertinent to the current motion.

Following a *Markman* hearing, the Court entered its claim construction on August 16, 2011, in which it construed many of the terms in the asserted patent claims. Specifically, regarding the '706 patent, the Court construed two relevant terms found in Claim 12: "set of eyes formed at several said bends at one of said opposite ends" and "said set of eyes of said second stent are engaged about said first wire at one of said opposite ends." Claim 12 of the '706 patent provides as follows:

> A stent assembly comprising:
>
> a first wire formed into a closed zig-zag configuration including;
>
> an endless series of straight sections having opposite ends, said straight sections being joined by bends at said opposite ends to form a first stent;
>
> and
>
> a second wire formed into a closed zig-zag configuration including;
>
> a second endless series of straight sections having opposite ends, said straight sections being joined by bends at said opposite ends to form a second stent;
>
> a set of eyes formed at several of said bends at one of said opposite ends;
>
> wherein said first and second stents are resiliently contractable into smaller first shape for conveyance through a body passageway;
>
> wherein said first and second stents are resiliently expandable into a second shape in which the straight sections press against the walls of the body passageway; and
>
> wherein said set of eyes of said second stent are engaged about said first wire at one of said opposite ends of said first wire.

Dkt. 181-2 at 9 col. 8:35–59.  The relevant terms were construed as follows:

| Claim Term | Court's Construction |
| --- | --- |
| set of eyes formed at several said bends at one of said opposite ends | sections of wire each enclosing a loop and linked to the ends of the straight sections by cusps or sharp bends at two or more of the bends at one of the opposite ends of the second stent |
| said set of eyes of said second stent are engaged about said first wire at one of said opposite ends | every eye of the second stent encloses a bend at one of the opposite ends of the first stent |

In construing the first term, the dispute focused on the meaning of "several."  The Court agreed with Cook that "several" meant "two or more."  In construing the second term, the dispute focused on whether every eye must be engaged to satisfy the claim limitation.  The Court adopted Endologix's proposed construction, which the Court characterized as meaning "the *entire* set of eyes needs to be engaged about the wire."  Dkt. 145 at 23.

## II.  LEGAL STANDARD

Patent claims are construed as a matter of law.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372–74 (1996).  The Federal Circuit has emphasized that "[i]t is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (citation and internal quotations omitted).  The words of a claim are generally given their "ordinary and customary meaning," as understood by a person of skill in the art at the time the patent was filed.  *Id*. at 1312-13.  "The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction."  *Id*. at 1316 (citation and internal quotations omitted).  The Federal Circuit has approved of a district court revisiting claim construction to "clarify its original intent" and "to

more closely align its interpretation with the claim language and specification[s]." *Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1382 (Fed. Cir. 2003).

### III.  DISCUSSION

Cook requests the Court clarify its construction of the second claim term discussed in the Background section:  "said set of eyes of said second stent are engaged about said first wire at one of said opposite ends."  Specifically, Cook asks the Court to make the following change to the term's construction:  "every eye *of a set of eyes* formed at two or more bends at one of the opposite ends of the second stent encloses a bend at one of the opposite ends of the first stent." Dkt. 341 at 4–5.

To support its request, Cook relies on the fundamental rule of claim drafting which states that "an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising." *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008) (quoting *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000)).  To escape this rule, a patentee must evince a "clear intent" to limit "a" or "an" to mean "one."  *Id.*  "The subsequent use of definite articles 'the' or 'said' in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning." *Id.*  Cook thus argues the phrase "said set of eyes of said second stent" necessarily refers back to the earlier limitation, "a set of eyes formed at several said bends."  Therefore, a complete claim construction would also refer back to the earlier limitation by recognizing that "said" refers to "a set of eyes."  Cook argues the Court's reasoning supports this view, when it said "the *entire* set of eyes needs to be engaged about the wire to satisfy this claim limitation."  *See* Dkt. 145 at 23.

4

Endologix responds that Cook's motion, if granted, would "upset the parties' settled expectations and the expert reports that have governed this case for the last year by changing its claim construction on the eve of trial to fit Dr. McLean's infringement theory." Dkt. 348 at 2. It argues the original construction correctly recognized that in the '706 patent all of the eyes in the second stent are connected; therefore, "every eye of the second stent encloses a bend at one of the opposite ends of the first stent." *See* Dkt. 145 at 23. Endologix argues this construction rejected Cook's attempt to "divide the set of eyes at the end of the second stent into subsets, some of which must fulfill the requirements of the remaining claim limitations and some of which need not." Dkt. 348 at 6. *See* Dkt. 145 at 23 (quoting Cook's proposed construction that "the wire at the end of the first stent is disposed through *at least two loops of the second stent*").

The Court finds merit in both parties' positions. First, Endologix is correct to point out that the Court rejected, if not explicitly, Cook's proposal that "said set of eyes of said second stent" only required "at least two loops of the second stent" to be connected. Cook's proposal implied that not every eye found in a "set of eyes" must be connected to satisfy the claim limitation. Second, the Court is mindful that changing claim limitation at this late date could upset the parties' expectations. However, the Court is persuaded by Cook and firmly believes that Cook's requested clarification embodies the Court's original intent, which is found in its Entry on Claim Construction (Dkt. 145). Therefore, the parties should not be prejudiced by the proposed clarification.

Third, Cook is correct that the use of "said" in the second limitation refers back to the earlier limitation of "a set of eyes." Furthermore, the Court stated in its reasoning during claim construction that the "entire *set of eyes* needs to be engaged." Dkt. 145 at 23 (emphasis added). The Court therefore agrees with Cook that an unintentional ambiguity or inconsistency exists in

the claim construction as it currently stands. The Court now clarifies that the term "said set of eyes of said second stent are engaged about said first wire at one of said opposite ends" is construed to mean "every eye of a set of eyes of the second stent encloses a bend at one of the opposite ends of the first stent." Contrary to Endologix's argument, this construction does not mean that there can be "subsets of eyes." But keeping in line with the fundamental rule of claim drafting discussed above, Claim 12 discloses the possibility of there being "one or more" sets of eyes. *See Baldwin*, 512 F.3d at 1356 (holding that "an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising'").

Finally, the Court notes that a motion for clarification of claim instruction is not the proper forum to argue infringement or noninfringement. Both parties devote considerable effort in their briefs to these issues. The Court will not address the parties' arguments except to say it has not considered any element of the Powerlink device in reaching its holding. The Court makes no judgment on whether the construed claim term is present in the Powerlink device. That is a question for the jury.

## CONCLUSION

For the reasons set forth in this Entry, Cook's motion for clarification (Dkt. 341) is GRANTED. The Court adopts the new construction, "every eye of a set of eyes of the second stent encloses a bend at one of the opposite ends of the first stent" for the '706 patent, Claim 12 term "said set of eyes of said second stent are engaged about said first wire at one of said opposite ends."

SO ORDERED.

Date: 09/27/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley G. Lane
BRINKS HOFER GILSON & LIONE
blane@brinkshofer.com

Bryan John Leitenberger
BRINKS HOFER GILSON & LIONE
bleitenberger@brinkshofer.com

Danielle Anne Phillip
BRINKS HOFER GILSON & LIONE
dphillip@brinkshofer.com

Jason W. Schigelone
BRINKS HOFER GILSON & LIONE
jschigelone@brinkshofer.com

Kelly J. Eberspecher
BRINKS HOFER GILSON & LIONE
keberspecher@brinkshofer.com

Ralph J. Gabric
BRINKS HOFER GILSON & LIONE
rgabric@brinkshofer.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Emily K. Sauter
KNOBBE MARTENS OLSON & BEAR, LLP
emily.sauter@knobbe.com

Joseph S. Cianfrani
KNOBBE MARTENS OLSON & BEAR, LLP
joseph.cianfrani@kmob.com

John David Evered
KNOBBE MARTENS OLSON & BEAR, LLP.
2jde@kmob.com

Joshua J. Stowell
KNOBBE MARTENS OLSON & BEAR, LLP.
2jys@kmob.com

John B. Sganga, Jr,
KNOBBE MARTENS OLSON & BEAR, LLP.
2jbs@kmob.com