UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ENDOLOGIX, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | Case No. 1:09-cv-01248-TWP-DKL |
| ──────────────────────────── ) | |
| ) | |
| ENDOLOGIX, INC., ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| COOK INCORPORATED, ) | |
| ) | |
| Counter Defendants. ) | |
| ) | |

**ENTRY ON COOK INCORPORATED'S MOTION FOR PARTIAL
RECONSIDERATION**

This matter is before the Court on Plaintiff Cook Incorporated's ("Cook") Motion for Partial Reconsideration of the Court's Entry on Motion to Exclude Portions of the Expert Testimony of Dr. Gordon K. McLean (Dkt. 343). On September 6, 2012, this Court excluded portions of Cook's expert, Dr. McLean's, report (Dkt. 302). The Court specifically excluded portions of Dr. McLean's testimony regarding literal infringement of the '706 patent and construction of the terms "substantially constant" / "uniform," "introducer sheath," and "having a fixed shape." Cook seeks the Court's reconsideration of Dr. McLean's opinions found in the

excluded paragraphs regarding literal infringement of the '706 patent. Because the Court agrees with Cook that some reconsideration is proper, Cook's motion is **GRANTED in part**.

## I. BACKGROUND

The facts and background of this case are set forth in the Court's Entry on Claim Construction (Dkt. 145) and Entry on Endologix, Inc.'s ("Endologix") Motion for Summary Judgment of Noninfringement of the Patents-in-Suit (Dkt. 300). The following facts are pertinent to the current motion.

Cook retained Dr. McLean as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), and he subsequently submitted his expert report (Dkt. 191-1). Endologix moved to exclude several portions of Dr. McLean's expert testimony, which the Court granted in part and denied in part. The Court granted Endologix's motion regarding Dr. McLean's opinions concerning the meanings of several claim terms, but denied Endologix's motion regarding Dr. McLean's qualifications to opine on the mechanical properties of the '706 patent and Powerlink device. Specifically, the Court excluded paragraphs 76–79, 80–81, 84–88, and 102–04 of Dr. McLean's report. The Court found that because literal infringement of the '706 patent was not an issue at trial, Dr. McLean's paragraphs opining that the Powerlink literally infringed the '706 patent were "necessarily excluded." The Court also excluded paragraph 108 of Dr. McLean's doctrine of equivalents analysis because Dr. McLean opined "the Endologix Powerlink bifurcated stent grafts literally meet each step and element, respectively of claims 6 and 12 of the '706 patent. To the extent there are any differences they are insubstantial." Dkt. 191-1 at 62–63 ¶ 108. Cook now seeks the Court's reconsideration of paragraphs 76–79, 80–81, 84–88, 102–04, and 108.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) "permits a district court to entertain a motion to alter or amend a judgment" and "enables the court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A party seeking reconsideration cannot rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## III. DISCUSSION

Cook contends that because the Court's summary judgment opinion of no literal infringement only addressed one claim limitation—closed zig-zag configuration—the summary judgment ruling "did not foreclose Dr. McLean from opining that the Powerlink meets *other* limitations of the '706 patent, either literally *or* by equivalents." Dkt. 343 at 4.[1] Cook does not seek reconsideration of the Court's ruling that Dr. McLean may not argue or opine about claim construction to the jury. To aid the Court, Cook has submitted the relevant paragraphs with

---

[1] As an initial matter, the Court agrees with Cook but notes that Endologix did not seek to exclude *all* of Dr. McLean's opinions regarding literal infringement. *See, e.g.*, Dkt. 191-1 at 51–60 ¶¶ 89–101 (discussing claim terms and Dr. McLean's opinion that the terms are literally found in the Powerlink device). In contrast, paragraphs 79–81 and 84–88 do include opinions that the Court rejected in its summary judgment ruling. However, the excluded paragraphs 76–78 and 102–04 address the claim term "body passageway," which was not at issue at the summary judgment stage nor was it construed during claim construction.

proposed edits that, in its view, cures the deficiencies found in the excluded paragraphs. (See DKt. 344).

The Court agrees with Cook that a motion to reconsider is appropriate to address the wholesale exclusion of paragraphs 76–79, 80–81, 84–88, 102–04, and 108. Because the Court's ruling of no literal infringement concluded that only the limitation "closed zig-zag configuration" was not literally satisfied, Cook may still seek to prove the other limitations are literally satisfied within the doctrine of equivalents analysis. *See Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002) ("Infringement under the doctrine of equivalents requires the patentee to prove that the accused device contains an equivalent for each limitation not literally satisfied."). This Entry will therefore enhance and modify the Court's previous holding, though the core of that holding remains true: Cook's expert Dr. McLean may not opine that the Powerlink device "literally infringes" the '706 patent nor may he define or construe claim terms. Additionally, Endologix will suffer no prejudice if Dr. McLean is permitted to alter the scope of his report as set forth below because striking and limiting portions of his opinions does not expand or change the scope of the opinions.

## A.     Whether Dr. McLean's Opinions are Relevant to the Doctrine of Equivalents

Cook contends that paragraphs 76–78, 79–81, 84–88, 102–04, and 108 contain opinions about the Powerlink's structural aspects relevant to Dr. McLean's opinion that the equivalent of a closed zig-zag configuration is found in the Powerlink.[2] The Court first notes that paragraphs 64–68 specifically address the Powerlink's mechanical structure as described by Dr. McLean. Much of the language used in these paragraphs is repeated in paragraphs 76–77, 79–81, 84–88,

---

[2] As an initial matter, the Court agrees with Cook but notes that Endologix did not seek to exclude *all* of Dr. McLean's opinions regarding literal infringement. *See, e.g.*, Dkt. 191-1 at 51–60 ¶¶ 89–101 (discussing claim terms and Dr. McLean's opinion that the terms are literally found in the Powerlink device).

102–04.  The Court previously determined Dr. McLean was qualified to opine on the Powerlink's mechanical structures and for that reason, there is not an independent basis to exclude these opinions found in paragraphs 76–77, 79–81, 84–88, 102–04.

### 1. Paragraphs 79–81

Paragraphs 79–81 include Dr. McLean's description of the '706 patent, the Court's claim construction, and his interpretation of how a person of ordinary skill in the art would define the claim terms.  As to this latter topic, Dr. McLean's opinions expanded the scope of the Court's definitions.  In the edited version of Dr. McLean's report (Dkt. 344), Cook has deleted many of the opinions in paragraphs 79–81.  Specifically, Cook properly deleted all references in the excluded paragraphs to "persons with ordinary skill in the art."  Even though the Court in its initial Entry did not specifically address all of the instances where Dr. McLean improperly opined about the meaning of claim terms, Cook recognizes that these opinions are not allowed. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1995) (holding that "the construction of a patent, including terms of art within its claim, is exclusively within the province of the court"); *Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 821 (N.D. Ill. 2010) (holding that in patent cases, expert testimony about the construction of claims is irrelevant, because claim construction "is a legal determination to be made by the Court, and not an issue of fact for the jury").  The Court therefore accepts the edited version of paragraphs 79–81, which now includes descriptions of the '706 patent and the Court's claim construction— without Dr. McLean's own interpretations of the claim terms described.  These remaining opinions do not discuss "literal infringement" and are otherwise relevant to the issues before the jury.

### 2. Paragraphs 84–88

Paragraphs 84–88 include Dr. McLean's description of the Powerlink device and how its elements literally satisfy the '706 patent claim terms "forming a [first/second] stent from a continuous [first/second] length of wire formed into a closed zig-zag configuration having an endless series of straight sections joined at their ends by a plurality of bends." Cook's edited version of paragraphs 84–88 contains far fewer deletions than mentioned above, and in the Court's view, the deletions do not sufficiently cure the defects in Dr. McLean's report. Given the frequency with which inadmissible opinions are found, the Court finds it impractical to make a line-by-line ruling. Instead, the Court will outline with specificity the topics on which Dr. McLean may and may not testify.

Paragraph 84 includes Dr. McLean's opinion that the Powerlink stents are formed from "wires, or lengths of wire, as described in [C]laims 6 and 12. Each of the stent cages of the Powerlink bifurcated stent graft is formed from a single wire." The Court finds this paragraph is admissible in its entirety, as it neither contradicts the Court's summary judgment ruling nor does it expand the Court's claim construction.

In paragraph 85, Dr. McLean opines several times that the wire that forms the Powerlink is "formed into a closed zig-zag configuration." Cook has not proposed deleting these references, even though this language is squarely precluded by the Court's ruling of non-literal-infringement. Therefore, while the Court accepts Cook's proposed edits deleting references to multiple stents in paragraph 85, the Court further clarifies the following exclusion: In paragraph 85, all opinions that reference the Powerlink being formed into a "zig-zag configuration" or "closed zig-zag configuration" are excluded. The absence of the word "closed" does not adequately distinguish the two phrases, and use of "zig-zag configuration" could confuse the

jury. As noted in paragraph 66, the proper description of the Powerlink's structure is a "zig-zag helical pattern with hooks and loops linked together." The Court finds that Dr. McLean may not substitute "zig-zag configuration" for "zig-zag helical pattern."

Additionally, Dr. McLean may not testify that the Powerlink's ends are joined together. To reiterate, the Court's summary judgment ruling stated: "It is undisputed that the Powerlink is constructed from a single wire in a manner leaving the two ends separated by the length of the stent and located in opposite locations. Because the claim requires these two ends to be joined, the Powerlink structure does not literally meet a limitation of the '706 patent." Dkt. 300 at 12. Consistent with this ruling, Dr. McLean specifically may not opine that the Powerlink has mechanical links that "join the two ends together to produce a closed zig-zag structure" as found in paragraph 85.

Furthermore Dr. McLean may still describe the structure of the Powerlink, so long as the opinions above are omitted. This includes using the terminology, "segment." The use of this word was derived from Endologix's manufacturing instructions wherein the wire used to form the Powerlink was labeled as having three different segments. Cook has acknowledged that Dr. McLean may not refer to the segments as individual stents, but otherwise, the Court finds it permissible in paragraph 85 for Dr. McLean to continue referring to the wire as having segments. However, it is less clear whether Dr. McLean may opine that each segment has "ends joined together." Ultimately, in the Court's view, such language could mislead the jury. And since the Court has held that the Powerlink is not made of multiple stents, it also finds that Dr. McLean cannot use language that indicates otherwise. Therefore, Dr. McLean may not testify that each segment has ends that are joined. Dr. McLean may testify that the ends are overlapped and attached, and further describe the method of attachment.

In summary for paragraph 85, any reference to "zig-zag configuration," "closed zig-zag configuration," multiple stent segments within the main body or each leg, and the Powerlink or segments having "ends that are joined" is excluded.[3]  However, Dr. McLean may testify that the Powerlink has "segments," how the ends are attached, and about the Powerlink's overall mechanical structure.[4]

The first sentence of paragraph 86 suffers the same deficiency as discussed above.  Dr. McLean may not testify that the limb cages of the Powerlink are formed into a "zig-zag configuration."  The remainder of paragraph 86 is admissible as describing the limb's structure.

Likewise, in paragraph 87, Dr. McLean opines that the limb cage's mechanical links "join the two ends of the wire together to produce a closed zig-zag configuration."  Despite this being precisely the language excluded by the Court's first order, Cook has not proposed deleting this opinion or the opinion immediately following which states, "The closed zig-zag configuration of the limb stent cage . . . ."  As the Court found with paragraph 85, these opinions in paragraph 87 are excluded.  The remainder of paragraph 87, specifically Dr. McLean's opinion about the mechanical structure, is admissible.

Paragraph 88 includes Dr. McLean's ultimate opinion that the method of forming the Powerlink includes "forming a [first/second] stent from a continuous [first/second] length of wire formed into a closed zig-zag configuration having an endless series of straight sections joined at their ends by a plurality of bends," as described in Claim 6.  Cleary, the portion of this ultimate

---

[3] The Court does not intend to narrow its ruling to only the specific wording used.  Dr. McLean may not opine on these topics in any manner.

[4] For example, Dr. McLean may still testify that the Powerlink has a "backbone structure with a series of mechanical links formed by coils and hooks" and "is generally cylindrical, and has a repeating pattern of straight sections connected by bends."  This also includes his opinion that "adjacent ends of the straight sections are joined by a bend"—found both in paragraphs 85 and 87—which refers to a different claim limitation than "ends joined together" to form a closed zig-zag structure.

opinion that the wire forms a "closed zig-zag configuration" is inadmissible and excluded. The remainder of paragraph 88 is admissible.

### 3. Paragraphs 76–79; 102–104

Paragraphs 76–79 include Dr. McLean's description of the Powerlink device and how its elements satisfy the '706 patent Claim 6 preamble, "a method for combining a first and second self-expanding stent to form a stent assembly for insertion into a body passageway." Paragraph 76 specifically includes Dr. McLean's definition of "body passageway," a term that was not defined nor disputed during claim construction. Additionally, the Court notes that the Claim 6 preamble is not limiting and Cook need not prove that the Powerlink satisfies the preamble either literally or by equivalents. Paragraphs 102–04 similarly include Dr. McLean's description of the Powerlink device and how its elements literally satisfy the '706 patent Claim 12 term "in which the straight sections press against the walls of the body passageway." These paragraphs reference the opinions found in paragraphs 76–78.

In Cook's proposed edited version of paragraph 76, it has deleted Dr. McLean's definition of "body passageway" in accordance with the Court's ruling that Dr. McLean may not opine on or expand the meaning of claim terms, as that is a matter exclusively for the Court. Cook has also deleted any reference to a person of ordinary skill in the art, thus narrowing the opinion to Dr. McLean's point of view. The Court finds that Cook has cured the defect in paragraph 76 by deleting Dr. McLean's improper claim construction of "body passageway." Therefore, paragraph 76 is admissible to the extent Dr. McLean does not testify about the meaning of "body passageway," which is given its plain and ordinary meaning.

As for paragraphs 77 and 78, it is the Court's inclination to exclude those paragraphs on the grounds that the Claim 6 preamble is not limiting and thus the paragraphs are not helpful to

the jury. However, in paragraphs 102–04, Dr. McLean references the explanations in paragraph 77 by stating, "as explained above". Therefore, the Court will not exclude paragraph 77 in its entirety, but in accordance with the Court's ruling on Cook's Motion in *Limine* No. 1, "body passageway" is not to be treated as a limitation of Claim 6. Because this ruling applies in equal force to Dr. McLean, the Court will exclude the entire paragraph 78, in which Dr. McLean opines that the Powerlink "includes a 'method for combining a first and second self-expanding stent to form a stent assembly for insertion into a body passageway."

Although paragraph 77 is not excluded in its entirety, portions of the paragraph must be excluded. Specifically, Dr. McLean may not opine that "[t]he main body stent cage is made up of *several self-expanding zig-zag stents*, that are combined to form the cage stent assembly. Each of *the zig-zag stents* spring-expands when a compressive force is removed" and "[t]he stents *and stent segments* are connected so that … the stents *and stent segments* support the main body and two limbs of the prosthesis." The italicized portions represent the portions that are inadmissible, pursuant to the Court's summary judgment ruling of no literal infringement. Cook has proposed substituting the word "segment" for "stent,"[5] but that only partially cures the defects. Dr. McLean must also not refer to "zig-zag" without clarifying that he is referring to the Powerlink's zig-zag helical structure, as opposed to the '706 patent term "closed zig-zag configuration." With these exceptions, paragraph 77 is otherwise admissible to support the opinions found in paragraphs 102–04.

As for paragraphs 102–04, Cook proposes deleting Dr. McLean's reference to his definition of "body passageway" that was found in paragraph 76. The Court accepts Cook's edit as curing the defect in paragraph 102, and paragraph 102 is otherwise admissible. Additionally,

---

[5] This proposal is only found in two sentences, but not in every instance of the usage "stent segments." Each time "stent segments" is used, Dr. McLean may not use the term "stent" to modify "segment."

the Court finds that it erred in excluding paragraphs 103 and 104.  Dr. McLean's opinions in paragraphs 103 and 104 that the Powerlink literally satisfies the Claim 12 limitation "in which the straight sections press against the walls of the body passageway" are admissible.

### 4. Paragraph 108

In the Court's original ruling, it stated:

> In paragraph 108, Dr. McLean opines "the Endologix Powerlink bifurcated stent grafts literally meet each step and element, respectively of claims 6 and 12 of the '706 patent.  To the extent there are any differences they are insubstantial."  Dkt. 191-1 at 62–63 ¶ 108.  Because the issue of literal infringement has been settled, Dr. McLean may not testify at trial that in his opinion the Powerlink literally infringes the '706 patent.  Therefore, the opinion expressed in paragraph 108 is excluded.

The Court stands by this ruling.  Although Dr. McLean may opine that the difference between the '706 patent claim term "closed zig-zag configuration" and the Powerlink's structure are insubstantial, he may not give the broad opinion found in paragraph 108 and it is therefore excluded.

### B. Summary of Rulings

The Court agrees that paragraphs 79–81 and 84–88 contain opinions about the Powerlink's structural aspects relevant to Dr. McLean's opinion that the equivalent of a closed zig-zag configuration is found in the Powerlink.  However, the paragraphs also contain an abundance of inadmissible opinions; too many for the Court to list in full.  Therefore, the Court instructs Cook to strictly avoid the excluded topics outlined herein, including:  any reference to "zig-zag configuration," "closed zig-zag configuration," multiple stent segments within the main body or each leg, and the Powerlink or segments having "ends that are joined."  Dr. McLean may testify about the Powerlink's structure and how that structure is the equivalent to the '706 patent

claim term "closed zig-zag configuration." But he may not opine that the Powerlink possesses or has a closed zig-zag configuration or ends that are joined.

Furthermore, the Court agrees that paragraphs 76–77 and 102–104 contain opinions about the Powerlink's structural aspects relevant to proving infringement. However, Dr. McLean may not define the term "body passageway," as the term was not disputed nor construed during claim construction. The term is given its plain and ordinary meaning. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*) ("In some cases the ordinary meaning of claim language as understood as a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words."). Dr. McLean also may not opine that the Powerlink satisfies the Claim 6 preamble. However, Dr. McLean may opine about the structural properties of the Powerlink and how those properties satisfy the Claim 12 limitation including "body passageway." Additionally, paragraphs 78 and 108 remain excluded in entirety.

Finally, Dr. McLean may testify that the Powerlink literally satisfies '706 claim limitations, with the obvious exception of "closed zig-zag configuration," but he may not opine that the Powerlink *literally infringes* the '706 patent. The only issue regarding the '706 patent is infringement under the doctrine of equivalents. *See Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002) ("Infringement under the doctrine of equivalents requires the patentee to prove that the accused device contains an equivalent for each limitation not literally satisfied.").

### III. CONCLUSION

For the reasons set forth above, Cook's motion for reconsideration (Dkt. 343) is **GRANTED.** The Court's Entry on Motion to Exclude Portions of the Expert Testimony of Dr. Gordon K. McLean (Dkt. 302) is modified as set forth above. The parties are instructed to strictly adhere to the Court's rulings.

SO ORDERED.   10/04/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley G. Lane
BRINKS HOFER GILSON & LIONE
blane@brinkshofer.com

Bryan John Leitenberger
BRINKS HOFER GILSON & LIONE
bleitenberger@brinkshofer.com

Danielle Anne Phillip
BRINKS HOFER GILSON & LIONE
dphillip@brinkshofer.com

Jason W. Schigelone
BRINKS HOFER GILSON & LIONE
jschigelone@brinkshofer.com

Kelly J. Eberspecher
BRINKS HOFER GILSON & LIONE
keberspecher@brinkshofer.com

Ralph J. Gabric
BRINKS HOFER GILSON & LIONE
rgabric@brinkshofer.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Emily K. Sauter
KNOBBE MARTENS OLSON & BEAR, LLP
emily.sauter@knobbe.com

Joseph S. Cianfrani
KNOBBE MARTENS OLSON & BEAR, LLP
joseph.cianfrani@kmob.com

John David Evered
KNOBBE MARTENS OLSON & BEAR, LLP.
2jde@kmob.com

Joshua J. Stowell
KNOBBE MARTENS OLSON & BEAR, LLP.
2jys@kmob.com

John B. Sganga, Jr.
KNOBBE MARTENS OLSON & BEAR, LLP.
2jbs@kmob.com